IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES FRANKLIN ERLER,

        Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

        Defendant.

Case No. 1:16-cv-01573-TC

**OPINION AND ORDER**

**COFFIN, Magistrate Judge:**

    Plaintiff brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. §§ 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security (Commissioner). The Commissioner denied plaintiff's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under the Act.

    Plaintiff was fifty-five years old at the time of the ALJ's decision. Tr. 103, 115, 239, 246. Plaintiff speaks English, completed one year of college, and has a certificate in drafting from Umpqua Community College. Tr. 265, 267. He worked as a CAD drafter and construction

1 – OPINION AND ORDER

laborer. Tr. 267, 274-86. Plaintiff alleges disability as of January 27, 2011 due to a herniated disc, back injury, torn tendons in both shoulders, right hand broken twice, left hand surgery, h pylori/diverticulitis infections w/nausea, defective ureter, severe knee pain, and depression. Tr. 103, 115, 239, 246,

## COMMISSIONER'S DECISION

The ALJ evaluated plaintiff's allegation of disability pursuant to the relevant five-step sequential process. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date, January 27, 2011. Tr. 24.

At step two, the ALJ found that plaintiff had the following severe impairments: history of widespread chronic pain, depressive disorder, alcohol abuse in remission, and anxiety disorder. Tr. 24-25; 20 C.F.R. §§ 404.1520(c), 416.920(c). The ALJ found plaintiff's physical impairments of lumbar degenerative disc disease, gastritis, hypertension, intermittent scrotal pain, and status post heart attack/stenting were non-severe. Tr. 25.

At step three, the ALJ found that plaintiff's medically severe impairments did not meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude gainful activity. Tr. 25-27; 20

The ALJ found that plaintiff has the residual functional capacity (RFC) to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: He can perform unskilled, repetitive, routine work; will be off-task at work 9% of the time, but still meets the minimum production requirements; will be absent from work 1 time per month; can have occasional contact with the public, supervisors and co-workers.

Tr. 27.

2 – OPINION AND ORDER

At step four, the ALJ found that plaintiff was unable to perform any past relevant work. Tr. 31. At step five, based on plaintiff's assessed RFC and the testimony of the VE, the ALJ found there were jobs that exist in significant numbers in the national economy that plaintiff could perform. Tr. 31. Those jobs included industrial cleaner, DOT code 381.687-018, and motel cleaner, DOT code 323.687-014. Tr. 32. Based on plaintiff's ability to perform other work in the national economy, the ALJ found plaintiff not disabled under the meaning of the Act. Tr. 32.

## DISCUSSION

Plaintiff asserts that the Commissioner's decision should be vacated and remanded for an immediate award of disability insurance benefits and supplemental security income, or in the alternative, the action should be remanded for further administrative proceedings. Among other arguments, plaintiff contends the ALJ erred by failing to find his coronary artery disease, angina, and ureteral stricture were severe impairments at step two.

### Severe Impairments at Step Two

The plaintiff bears the burden of establishing that he has a severe impairment at step two by providing medical evidence. 20 C.F.R. §§ 404.1512 and 416.912. An impairment or combination of impairments is "not severe <u>only if</u> the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005) (emphasis in original). Where an ALJ fails to identify a severe impairment at step two, but nonetheless considers at subsequent steps all of the plaintiff's impairments, including the erroneously omitted severe impairment, the error at step two is harmless. See, Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007).

### Ureteral Stricture

3 – OPINION AND ORDER

The ALJ in this case asked plaintiff at the hearing what his most serious physical problem was and plaintiff responded that it was his left kidney. Tr 73. (Plaintiff's ureteral stricture is on the left side and affects his left kidney.) However, although the ALJ did find widespread chronic pain to be a severe impairment, the ALJ's opinion does not even mention left flank pain or kidney pain and he found no exertional impairments in plaintiff's RFC. The ALJ also makes a reference in the opinion that CTs were unremarkable. Tr. 30. However, Brian Duty, M.D., a urologist at OHSU, examined plaintiff stated in a report:

> **Impression**
> James Erler is a 54 year old man status post left open pyeloplasty at age 17 who has had two years of worsening left flank pain exacerbated by fluid intake. His CT is concerning for a recurrent ureteropelvic junction obstruction/proximal ureteral stricture. There is a clear transition point on his CT scan but the extent of obstruction is unknown. As a result, I have recommended taking him to the operating room for cystoscopy with left retrograde pyelography. The type of reconstruction he would require would be based upon the length and severity of the stricture.

Tr. 718.

The ALJ's opinion does not mention the CT, Dr. Duty's report, or Dr. Duty.

The ureteral stricture appears to be a severe impairment. It cannot be determined at this time if any error is harmless as it does not clearly appear the ALJ considered all of plaintiff's impairments in the subsequent steps of the sequential evaluation. The ALJ found that plaintiff had the RFC to perform a full range of work at all exertional levels. There is no clear indication that the ureteral stricture was considered in this assessment. Moreover, Dr. Duty's report is not addressed and the ALJ discreditied plaintiff's pain testimony, in part, based on a lack of medical evidence. As such, the decision of the Commissioner is reversed, and this action is remanded for further proceedings that address the aforementioned issues. A new sequential evaluation shall be performed and a new opinion shall be written.

## CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. §405(g), the decision of the Commissioner is reversed and the case remanded for further administrative proceedings consistent with this opinion.

DATED this 12 day of September, 2017.

_____
THOMAS M. COFFIN
United States Magistrate Judge

5 – OPINION AND ORDER